United States District Court
Southern District of Texas
FILED

SEP 0 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CASTRO<br>Plaintiff | §<br>§<br>§ | CIVIL ACTION NO. B-03-158 |
| VS. | §<br>§ | (DIVERSITY) |
| WAL-MART STORES, INC.,<br>Defendant | §<br>§<br>§ | |

### NOTICE OF REMOVAL OF ACTION UNDER
### 28 U.S.C. § 1441(B) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Wal-Mart Stores, Inc. hereby removes to this Court the state court action described below.

1. On August 13, 2003, an action was commenced in the 107th Judicial District Court of the State of Texas in and for the County of Cameron, entitled, **Juan Castro, Plaintiff vs. Wal-Mart Stores, Inc., Defendant,** as Cause Number 2003-08-4110-A, *attached hereto as Exhibit "A".*

2. The first date upon which Defendant received a copy of the said complaint was August 22, 2003, when Defendant was served with a copy of the said complaint and a summons from the said State Court. A copy of the summons is *attached hereto as Exhibit "B".* The following constitutes all of the process, pleadings, and orders served upon Plaintiffs and Defendant in this action.

    1.    Plaintiff's Original Petition;

    2.    Copy of Return Citation of Defendant Wal-Mart Stores, Inc.; and.

3. Copy of State District Court Docket Sheet.

3. This action is a civil action of which these Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to these Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Defendant is informed and believes that Plaintiff Juan Castro was and still is a citizen(s) of the State of Texas. Defendant Wal-Mart Stores, Inc. was, at the time of the filing of these action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Arkansas, and is the only Defendant that has been served summons and complaint in these action.

DATED: September 5, 2003.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Ste. B
Harlingen, Texas 78550
956/428-4544 Telephone
956/428-4880 Facsimile

Jaime A. Drabek
Fed. Id. No. 8643
Texas State Bar No. 06102410
Counsel for Defendant

## CERTIFICATE OF SERVICE

I, hereby certify that on these the _____5th_____ day of September, 2003, a true and correct copy of the foregoing instrument was sent to all counsel of record by Facsimile, Certified Mail, Return Receipt Requested and/or hand delivery, to wit:

Mr. Anthony P. Troiani
**LAW OFFICE OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 107
Brownsville, Texas 78521

Jaime A. Drabek

## INDEX OF DOCUMENTS
## FILED WITH REMOVAL ACTION

A.  Plaintiff's Original Petition

B.  Copy of Return Citation of Defendant Wal-Mart Stores, Inc.

## LIST OF ATTORNEYS/PARTIES

1. Attorney for the Plaintiffs
   Mr. Anthony P. Troiani
   **Law Office of Anthony Troiani**
   700 Paredes Avenue, Suite 107
   Brownsville, Texas 78521
   Telephone: 956/ 541-4235
   Facsimile:  956/ 541-9174

2. Attorney for the Defendants
   Mr. Jaime A. Drabek
   **Drabek & Associates**
   1720 E. Harrison, Ste. B
   Harlingen, Texas 78550
   Telephone:  956/ 428-4544
   Facsimile:   956/ 428-4880

# AFFIDAVIT

THE STATE OF TEXAS   §

COUNTY OF CAMERON   §

**BEFORE ME**, the undersigned authority, on this day personally appeared JAIME A. DRABEK of Harlingen, Cameron County, Texas, who being by me duly sworn, deposes and says that he is an attorney for Defendant in the present cause filed by Veronica Lopez; that she has been authorized to make this Affidavit; and that he has read the foregoing Notice of Removal and knows the contents thereof, and that the matters and facts therein contained are true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
JAIME A. DRABEK, AFFIANT

**SWORN TO AND SUBSCRIBED** before me on this the ___5th___ day of September, 2003.



_Eva R. Longoria_
NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S

CAUSE NO. 2003-08-4110-A

| | | |
|---|---|---|
| JUAN CASTRO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| WAL-MART STORES, INC. | § | 107 JUDICIAL DISTRICT |

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA, CLERK
AUG 2003
DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JUAN CASTRO, hereinafter referred to as Plaintiff, complaining of WAL-MART STORES, INC., hereinafter referred to by name or as Defendant and JORGE MONTIEL, individually, hereinafter referred to by name or as Defendants, for cause of action would respectfully show unto the Court the following:

I.

Plaintiff intends to conduct discovery in this cause under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

II.

Plaintiff is a resident of Brownsville, Cameron County, Texas.

Defendant WAL-MART STORES, INC., a nonresident corporation, may be served pursuant to article 2.09 of the Business Corporation Act by serving the registered agent of the corporation, CORPORATION SERVICE COMPANY, 800 Brazos, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

Defendant, JORGE MONTIEL, is an individual residing in Cameron County, Texas



EXHIBIT A

and may be served with process at his place of employment at 3500 W. F.M. 3248, Brownsville, Cameron County, Texas 78526.

III.

The Defendant owns and operates a store known as WAL-MART STORE #456 located at 3500 W. FM 3248, Brownsville, Cameron County, Texas. Defendant, JORGE MONTIEL is the manager of the store and was responsible for the daily operation of WAL-MART STORE 3456.

On or about August 1, 2001, during normal business hours, Plaintiff JUAN CASTRO went upon the business premises of Defendant at 3500 W. FM 3248, Brownsville, Cameron County, Texas, for the purpose of purchasing groceries and/or other items. Defendant extended an open invitation to the public, including Plaintiff, to enter on the premises. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to protect and safeguard from unreasonable dangers on the premises or to warn of their existence.

IV.

While upon Defendant's premises, Plaintiff, JUAN CASTRO suffered serious and possibly permanent bodily injuries as a result of a fall proximately caused by a dangerous condition on the premises which Defendant, its agents, servants, and employees knew of, or in the exercise of ordinary care, should have known existed. Specifically, Plaintiff JUAN CASTRO slipped and fell on water near a display, causing injuries of which he now complains.

Plaintiff further alleges that Defendan(s), their agents, servants, and employees

negligently caused and negligently permitted such conditions to exist and negligently failed to warn Plaintiff **JUAN CASTRO** of the existence of the dangerous condition of the floor directly in front of the display, causing injuries of which he now complains.

On the occasion in question, Defendant and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

1. In failing to maintain the floor in a reasonably safe condition.

2. In failing to warn Plaintiff **JUAN CASTRO** of the dangerous condition on the floor.

3. In permitting the water to remain on the floor.

4. In failing to inspect the premises in order to discover the dangerous condition which was created by the water on the floor.

5. In failing to correct the dangerous condition which was created by the water on the floor.

6. In failing to warn invitees, including Plaintiff **JUAN CASTRO**, that a dangerous condition existed which required extra care to be taken when walking in that area.

7. In failing to maintain the premises in a reasonably safe condition.

8. In failing to warn Plaintiff **JUAN CASTRO** of the dangerous condition on the premises.

9. In failing to put up warning signs of the dangerous condition on the premises.

Each of the foregoing negligent acts and omissions whether taken singularly or in and combination, was a proximate cause of Plaintiff **JUAN CASTRO's** injuries and damages which are described below.

V.

As a direct and proximate result of the Defendant's negligence, Plaintiff **JUAN**

CASTRO has suffered serious disabling injuries which have caused permanent bodily injury and impairment, including a severe injury to the left shoulder. Plaintiff **JUAN CASTRO** also has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probabiity will continue to suffer in this manner for a long time into the future, if not for a balance of her natural life, all to the Plaintiff's damage in excess of the minimum jurisdictional lmits of this court. As a result of the injuries sustained, Plaintiff will incur reasonable and customary doctor's and medical expenses by the time of trial in the amount in excess of the minimum jurisdictional limits of this court, for necessary treatment and a reasonable probability that Plaintiff **JUAN CASTRO** will incur additional expenses for necessary medical care and attention in the amount in excess of the minimum jurisdictional limits of the court.

VI.

As a result of the injuries sustained by Plaintiff, **JUAN CASTRO**, his ability to administer to the needs of himself and his family and to attend to his customary household duties and occupations has been seriously impaired and in all reasonable probability, it will continue to be so impaired far into the future, if not for the balance of his natural life, all to his damage and loss in the sum in excess of the minimum jurisdictional limits of the court.

VII.

The negligence of the Defendant, its agents, servants, and employees, as a aforesaid was of such a character as to make them guilty of gross negligence. Their actions involved such entire want of care as could only have resulted from actual conscious indifference to the rights, safety, or welfare of Plaintiff, and Plaintiff hereby sues for exemplary damages in an amount in excess of the minimum jurisdictional limits of the

court.

WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein. Plaintiff therefore seeks to recover from Defendant the following elements of damages suffered and sustained as a result of such injuries:

1. The physical pain which Plaintiff has suffered in the past;

2. The physical pain which Plaintiff will in reasonable probability, suffer in the future as a result of his injuries;

3. The mental anguish which Plaintiff has suffered in the past;

4. The mental anguish which Plaintiff will in reasonable probability suffer in the future as a result of his injuries;

5. The physical impairment and loss of physical capacity to perform the usual physical activities of life which Plaintiff has suffered in the past;

6. The physical impairment and loss of physical capacity to perform the usual physical activities of life which Plaintiff, will, in all reasonable probability, suffer in the future;

7. The reasonable cost for necessary medical and health care treatment which Plaintiff has received in the past for the treatment of his injuries; and

8. The reasonable cost for necessary medical and health care treatment which Plaintiff will, in reasonable medical probability, need in the future for the treatment of his injuries; and

9. Judgment against Defendant for gross negligence in the amount in excess of the minimum jurisdictional limits of the court.

Additionally, Plaintiff seeks the following:

10. Pre-judgment interest and interest after judgment until paid;

11. Costs of suit;

12. Post-judgment interest.

13. Such other and further relief to which Plaintiff may be justly entitled at law or in equity.

SIGNED this __11th__ day of August, 2003.

         Respectfully submitted.

         Law Office of Anthony Troiani

         By: _____
            Anthony P. Troiani
            State Bar No. 00795914
            700 Paredes Avenue, Suite 107
            Brownsville, Texas 78521
            Tel. (956) 541-4235
            Fax. (956) 541-8174
            Attorney for Plaintiff

tation for Personal Service ___ - GENERAL_____   Lit. Seq. # 5.003.01

No. 2003-08-004110-A

**COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
1 or your attorney do not file a written answer with the clerk who issued this
ration by 10:00 a.m. on the Monday next following the expiration of twenty
/s after you were served this citation and petition, a default judgment may be
:en against you.

JORGE MONTIEL
PLACE OF EMPLOYMENT          Wal-mart (Alton Glor)
3500 W. F.M. 3248
BROWNSVILLE, TEXAS 78526

___DEFENDANT___, GREETING:

You are commanded to appear by filing a written answer to the

.INTIFF'S ORIGINAL PETITION

or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
's after the date of service of this citation before the Honorable District
rt 107th Judicial District of Cameron County, Texas at the Courthouse of said
nty in Brownsville, Texas. Said ___PETITION___ was filed on
UGUST 13, 2003. A copy of same accompanies this citation.

file number of said suit being No. 2003-08-004110-A.

style of the case is:

JUAN CASTRO
VS.
WAL-MART STORES, INC.

d petition was filed in said court by ___HON. ANTHONY P. TROIANI___
torney for ___PLAINTIFF___), whose address is
PAREDES AVENUE, SUITE 107 BROWNSVILLE, TEXAS 78521.

The nature of the demand is fully shown by a true and correct copy of the
ition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
uirements of law, and the mandates thereof, and make due return as the law
ects.

Issued and given under my hand and seal of said Court at Brownsville,
as, this the 14th day of AUGUST, A.D. 2003.

**EXHIBIT "B"**

3500 W. F.M. 3248
BROWNSVILLE, TEXAS 785__

e _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

AINTIFF'S ORIGINAL PETITION

: or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 ys after the date of service of this citation before the Honorable District urt 107th Judicial District of Cameron County, Texas at the Courthouse of said unty in Brownsville, Texas. Said _____PETITION_____ was filed on AUGUST 13, 2003. A copy of same accompanies this citation.

e file number of said suit being No. 2003-08-004110-A.

e style of the case is:

JUAN CASTRO
VS.
WAL-MART STORES, INC.

id petition was filed in said court by _____HON. ANTHONY P. TROIANI_____ ttorney for _____PLAINTIFF_____), whose address is 0 PAREDES AVENUE, SUITE 107 BROWNSVILLE, TEXAS 78521.

The nature of the demand is fully shown by a true and correct copy of the tition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to quirements of law, and the mandates thereof, and make due return as the law rects.

Issued and given under my hand and seal of said Court at Brownsville, xas, this the 14th day of AUGUST, A.D. 2003.

_____AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____, Deputy

AUG-21-2003 THU 03:17 PM  WAL-MART#458  9563502026  P. 03

RETURN OF OFFICER

e to hand the 14th day of August, 2003, at 5:01 o'clock P.M., and :uted (not executed) or the 18 day of August, 2003, by delivering to Jorge Montiel _____ in person a true copy of this Citation, 1 which I endorsed the date of delivery, together with the accompanying copy :he Plaintiff Original Petition _____ .

3e of failure to execute this citation is: _____

3 serving 1 copy
al....... $ _____        Sheriff/constable  Cameron  County, TEXAS
3 paid by: _____         By  [signature] L.P.  Deputy

## CAUSE NO. 2003-08-4110-A

| | | |
|---|---|---|
| **JUAN CASTRO** | § § § | IN THE DISTRICT COURT |
| **vs.** | § § | OF CAMERON COUNTY, TEXAS |
| **WAL-MART STORES, INC.,** | § § | 107TH JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK
## OF FILING OF NOTICE OF REMOVAL

TO: HONORABLE AURORA DE LA GARZA
    Cameron County District Clerk
    Cameron County Courthouse

**YOU WILL PLEASE TAKE NOTICE** that Defendant WAL-MART STORES, INC. has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal of the cause styled <u>Juan Castro v. Wal-Mart Stores, Inc.</u>, originally filed in the 107th Judicial District Court of Cameron County, Texas, Cause No. 2003-08-4110-A to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 107th Judicial District to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said Notice of Removal is attached to this Notice.

**WITNESS** the signature of Defendant, through its attorney, on this 5th day of September, 2003.

Page 1 of 2

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/428-4544 Telephone
956/428-4860 Facsimile

*[signature]*

JAIME A. DRABEK
Fed. I.D. No. 8643
Texas Bar No. 06102410
*Counsel for Defendant, Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by certified mail, return receipt requested, on this the ___5th___ day of September, 2003, to-wit:

Mr. Anthony P. Troiani
**LAW OFFICE OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 107
Brownsville, Texas 78521

*[signature]*

Jaime A. Drabek