United States District Court
Southern District of Texas
FILED

SEP 0 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN CASTRO § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. B-03-158 |
| VS. § | |
| § | |
| WAL-MART STORES, INC., § | |
| Defendant § | |

### DEFENDANTS' ORGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WAL-MARTS STORES, INC., and JORGE MONTIEL,** hereinafter referred to as Defendants, and in response to Plaintiff **JUAN CASTRO'S** Original Petition, would show the Court as follows:

I.

1) Defendants state that discovery in this cause should be conducted in accordance with the Federal Rules of Civil Procedure and deny that discovery should be conducted pursuant to Texas Rules of Civil Procedure, as alleged in ¶ I of Plaintiff's Original Petition.

2) Defendants are currently without sufficient knowledge to admit that Plaintiff is a resident of Brownsville, Cameron County, Texas, as alleged in ¶ I of Plaintiff's Original Petition.

3) Defendants admit that Wal-Mart Stores, Inc. is a nonresident corporation, may be served pursuant to article 2.09 of the Business Corporation Act by serving the registered agent of the corporation, CORPORATION SERVICE COMPANY, 800 Brazos, Austin, Texas 78701, its registered office, as alleged in ¶ I of Plaintiff's Original Petition.

4) Defendants admit that Jorge Montiel is an individual residing in Cameron County, Texas, and may be served at his place of employment as alleged in ¶ I of Plaintiff's Original Petition.

### III.

5) Defendants admit that Wal-Mart Stores, Inc. owns and operates a store known as WAL-MART STORE #456 located at 3500 W, FM 3248, Brownsville, Cameron County, Texas. Defendants admit that Defendant JORGE MONTIEL was the manager of the store and was responsible for the daily operation of WAL-MART STORE #456 at the time of the alleged occurrence.

6) Defendant admits that on or about August 11, 2001, during normal business hours, Plaintiff JUAN CASTRO went upon the business premises of Defendant at 3500 W. FM 3248, Brownsville, Cameron County, Texas, as alleged in ¶ III of Plaintiff's Original Petition. Defendant is without sufficient information to admit or deny the purpose of Defendant's store visit, ¶ III of Plaintiff's Original Petition. Defendants admit that Wal-Mart Stores extends an open invitation to the public, including Plaintiff, to enter on the premises and that Plaintiff was an invitee to whom Defendant Wal-Mart Stores, Inc. owed a duty to protect and safeguard from unreasonable dangers, that defendants knew or should have known about, on the premises or to warn of their existence.

### IV.

7) Defendants deny each and every allegation contained in ¶ IV of Plaintiff's Original Petition.

### V.

8) Defendants deny each and every allegation contained in ¶ V of Plaintiff's Original

Complaint; however, Defendants admit that Plaintiff is seeking damages in excess of the minimum jurisdictional limits of this court.

### VI.

9)   Defendants deny each and every allegation contained in ¶ VI of Plaintiff's Original Petition; however Defendants admit that Plaintiff is seeking damages in excess of the minimum jurisdictional limits of this court.

### VII.

10)   Defendants deny each and every allegation contained in ¶ VII of Plaintiff's Original Petition; however Defendants admit that Plaintiff is seeking damages in excess of the minimum jurisdictional limits of this court.

11)   Defendants further deny that Plaintiff has sustained injuries as a result of the occurrences complained of in his First Amended Petition and denies that he is entitled to the elements of recovery prayed for in ¶ VII of his Original Petition.

### AFFIRMATIVE DEFENSES

12)   For further answer herein, if such be necessary, Defendants affirmative asserts any applicable Statute of Limitations, including but not limited to §16.003 of the Texas Civil Practice and Remedies Code, bars any recovery sought by Plaintiff.

13)   For further answer herein, if such be necessary, Defendants affirmatively asserts that the acts of the Plaintiff, in failing to use ordinary care for his safety, were fifty-one percent (51%) of the cause of the alleged injuries, in the alternative, they were the sole cause.

14)   Defendants further affirmatively assert that Plaintiff has failed to allege sufficient facts to state a cause of action against Wal-Mart Stores, Inc.

15) Defendants affirmatively assert that Plaintiff has failed to alleged sufficient facts to form the basis for a claim of punitive damages. Alternatively, Defendants affirmatively assert any applicable statutory caps on punitive damages.

16) Defendants affirmatively state that the acts of third parties, as yet unknown, were a contributing cause of Plaintiff's alleged injuries, or alternatively, that they were the sole cause.

**WHEREFORE, PREMISES CONSIDERED**, Defendants prays that they be released, discharged and acquitted of the charges filed against them, that Plaintiff take nothing by reason of this suit, and for such other and further relief to which Defendants may be justly entitled and for which they will forever pray.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/428-4544 Telephone
956/428-4880 Facsimile

_____
Jaime A. Drabek
Fed. Id. No. 8643
Texas State Bar No. 06102410
*Counsel for Defendant, Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the foregoing document has been forwarded to Plaintiffs' counsel of record by regular mail, certified mail and/or hand delivery, return receipt requested, on this ___5th___ day of September, 2003.

Mr. Anthony P. Troiani                                                         **Via Fax**
**LAW OFFICE OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 107
Brownsville, Texas   78521

                                                      Jaime A. Drabek