United States District Court
Southern District of Texas
FILED

SEP 1 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CASTRO | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 03-CV-158 |
| | § | |
| | § | |
| WAL-MART STORES AND | § | |
| JORGE MONTIEL | § | |

**PLAINTIFF'S MOTION TO REMAND**
**AND MEMORANDUM IN SUPPORT THEREOF**

1.    Plaintiffs file this motion to remand under 28 U.S.C. § 1447(c).

**A.**

**INTRODUCTION**

2.    Juan Castro is the Plaintiff. Wal-Mart Store, and Jorge Montiel are the Defendants.

3.    On September 5, 2003, Plaintiff sued Defendants for personal injuries resulting from

a slip and fall accident at its store located in Brownsville, Cameron County, Texas.

The suit was filed under Cause No. 2003-08-497-B, and styled *Juan Castro vs.*

*Wal-Mart Stores and Jorge Montiel,* in the 107th District Court of Cameron County,

Texas.

4.    Defendant received notice of the suit on August 22, 2003.

5.    Defendant filed its Original Answer on September 5, 2003.

6.    Defendant filed its Notice of Removal on September 5, 2003.

**B.**

**ARGUMENT**

7.    <u>No Subject Matter Jurisdiction</u>: The federal court lacks subject matter jurisdiction.

See *Tilman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026-1027 (5th Cir. 1991). When there is no subject matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c); *International Primate Protection League v. Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S.Ct. 1700, 1710 (1991); *Anusbigian v. Trugeen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996). The court should remand this case to state court based on the following:

    A.    <u>No Federal Question</u>- This lawsuit is a negligence action, and thus does not present a federal question. *See* 28 U.S.C. § 1447(c); *International Primate Protection League v. Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710 (1991).

    B.    <u>No Diversity Jurisdiction</u>- There is no basis for diversity jurisdiction due to the following:

    1.    The parties are not diverse. Plaintiff, Juan Castro and Defendant Jorge Montiel are citizens of the State of Texas. The presence of a local defendant precludes diversity jurisdiction. 28 U.S.C. § 1441(b).

    2.    The amount in controversy does not meet federal standards. The amount in controversy is less than $75,000.00, exclusive of interest and costs. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff's pleadings seek an indeterminate amount of damages. It is well-established in the Fifth Circuit that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, *the removing defendant* must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 59 (5th Cir. 1993). In its Notice of Removal, Defendant baldly concludes that "[t]he amount in controversy exceeds the sum of $75,000, exclusive of interests and costs and is between citizens of different states." *See* Exhibit "A" at ¶ 3. Removal cannot be based upon such conclusory allegations. *Allen v. R & H Oil & Gas Company,* 62 F.3d

1326, 1335 (5th Cir. 1995); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Defendant had the burden to provide the Court with sufficient facts and evidence to support removal, at the time of removal, but failed to do so.  This action should therefore be remanded to state court.

## C.

## CONCLUSION

8.      It is undisputed that federal question jurisdiction is not present in this case.  Further, this is no diversity jurisdiction because the parties are not diverse and Defendant has not provided proof that the amount in controversy exceeds $75,000.00.  Defendant has the burden to provide factual and evidentiary support for its Notice of Removal, but instead improperly presented the Court with conclusory allegations as to the amount in controversy.   For these reasons, Plaintiff asks the court to grant the Motion to Remand, remand this suit to the state court in which it was originally filed, and award Plaintiff his court costs, expenses and attorneys' fees.

Respectfully submitted.

By: _____

Anthony P. Troiani
State Bar No. 00795914
Fed. I.D. No.  20607
Law Office of Anthony Troiani
700 Paredes Avenue Suite 107
Brownsville, Texas 78520
Tel. (956) 541-4235
Fax. (956) 541-9174

Attorney-in-Charge for Plaintiff

## CERTIFICATE OF SERVICE

I, Anthony Troiani, do hereby certify that a true and correct copy of the following instrument has been sent to Defendant's attorney on September 11, 2003 in accordance with FRCP 5:

Mr. Jaime Drabeck
Drabek & Associates
1720 E. Harrison, Ste. B
Harlingen, Texas 78550

ANTHONY P. TROIANI

# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CASTRO<br>    Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO._____<br>(DIVERSITY) |
| WAL-MART STORES, INC.,<br>    Defendant | §<br>§<br>§ | |

## NOTICE OF REMOVAL OF ACTION UNDER
## 28 U.S.C. § 1441(B) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Wal-Mart Stores, Inc. hereby removes to this Court the state court action described below.

    1.    On August 13, 2003, an action was commenced in the 107th Judicial District Court of the State of Texas in and for the County of Cameron, entitled, **Juan Castro, Plaintiff vs. Wal-Mart Stores, Inc., Defendant,** as Cause Number 2003-08-4110-A, *attached hereto as Exhibit "A".*

    2.    The first date upon which Defendant received a copy of the said complaint was August 22, 2003, when Defendant was served with a copy of the said complaint and a summons from the said State Court.   A copy of the summons is   *attached hereto as Exhibit "B".*   The following constitutes all of the process, pleadings, and orders served upon Plaintiffs and Defendant in this action.

    1.    Plaintiff's Original Petition;

    2.    Copy of  Return Citation of Defendant Wal-Mart Stores, Inc.; and.

RECEIVED
SEP 0 5 2003
BY:_____

Page 1 of 6

    3.     Copy of State District Court Docket Sheet.

    3.     This action is a civil action of which these Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to these Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

    4.     Defendant is informed and believes that Plaintiff Juan Castro was and still is a citizen(s) of the State of Texas.  Defendant Wal-Mart Stores, Inc. was, at the time of the filing of these action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the  State of Arkansas, and is the only Defendant that has been served summons and complaint in these action.

DATED:   September 5, 2003.

                      Respectfully submitted,

                      **DRABEK & ASSOCIATES**
                      1720 E. Harrison, Ste. B
                      Harlingen, Texas 78550
                      956/428-4644 Telephone
                      956/428-4880 Facsimile

                      Jaime A. Drabek
                      Fed. Id. No. 8643
                      Texas State Bar No. 06102410
                      Counsel for Defendant

## CERTIFICATE OF SERVICE

I, hereby certify that on these the _____5th_____ day of September, 2003, a true and correct copy of the foregoing instrument was sent to all counsel of record by Facsimile, Certified Mail, Return Receipt Requested and/or hand delivery, to wit:

Mr. Anthony P. Troiani
**LAW OFFICE OF ANTHONY TROIANI**
700 Paredes Avenue, Suite 107
Brownsville, Texas 78521

Jaime A. Drabek

## INDEX OF DOCUMENTS
## FILED WITH REMOVAL ACTION

A.    Plaintiff's Original Petition

B.    Copy of Return Citation of Defendant Wal-Mart Stores, Inc.

## LIST OF ATTORNEYS/PARTIES

1.    Attorney for the Plaintiffs
      Mr. Anthony P. Troiani
      **Law Office of Anthony Troiani**
      700 Paredes Avenue, Suite 107
      Brownsville, Texas 78521
      Telephone: 956/ 541-4235
      Facsimile:  956/ 541-9174

2.    Attorney for the Defendants
      Mr. Jaime A. Drabek
      **Drabek & Associates**
      1720 E. Harrison, Ste. B
      Harlingen, Texas 78550
      Telephone:  956/ 428-4544
      Facsimile:   956/ 428-4880

## **AFFIDAVIT**

THE STATE OF TEXAS        §

COUNTY OF CAMERON     §

**BEFORE ME**, the undersigned authority, on this day personally appeared JAIME

A. DRABEK of Harlingen, Cameron County, Texas, who being by me duly sworn, deposes

and says that he is an attorney for Defendant in the present cause filed by Veronica Lopez;

that she has been authorized to make this Affidavit; and that he has read the foregoing

Notice of Removal and knows the contents thereof, and that the matters and facts therein

contained are true and correct.

FURTHER AFFIANT SAYETH NOT.



_____
JAIME A. DRABEK, AFFIANT

**SWORN TO AND SUBSCRIBED** before me on this the ____5th____ day of September,
2003.

> EVA R LONGORIA
> Notary Public, State of Texas
> My Commission Expires:
> May 5, 2007

_Eva R. Longoria_
_____
NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S

CAUSE NO. 2003-08-4110-A

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA, CLERK
AUG ___ 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
___ DEPUTY

| JUAN CASTRO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| WAL-MART STORES. INC. | § | 107 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **JUAN CASTRO**, hereinafter referred to as Plaintiff, complaining of **WAL-MART STORES. INC.**, hereinafter referred to by name or as Defendant and **JORGE MONTIEL**, individually, hereinafter referred to by name or as Defendants, for cause of action would respectfully show unto the Court the following:

I.

Plaintiff intends to conduct discovery in this cause under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

II.

Plaintiff is a resident of Brownsville, Cameron County, Texas.

Defendant WAL-MART STORES, INC., a nonresident corporation, may be served pursuant to article 2.09 of the Business Corporation Act by serving the registered agent of the corporation, CORPORATION SERVICE COMPANY, 800 Brazos, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

Defendant, JORGE MONTIEL, is an individual residing in Cameron County, Texas



and may be served with process at his place of employment at 3500 W. F.M. 3248, Brownsville, Cameron County, Texas 78526.

### III.

The Defendant owns and operates a store known as WAL-MART STORE #456 located at 3500 W. FM 3248, Brownsville, Cameron County, Texas. Defendant, JORGE MONTIEL is the manager of the store and was responsible for the daily operation of WAL-MART STORE 3456.

~~On or about August 11, 2001,~~ during normal business hours, Plaintiff **JUAN CASTRO** went upon the business premises of Defendant at 3500 W. FM 3248, Brownsville, Cameron County, Texas, for the purpose of purchasing groceries and/or other items. Defendant extended an open invitation to the public, including Plaintiff, to enter on the premises. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to protect and safeguard from unreasonable dangers on the premises or to warn of their existence.

### IV.

While upon Defendant's premises, Plaintiff, **JUAN CASTRO** suffered serious and possibly permanent bodily injuries as a result of a fall proximately caused by a dangerous condition on the premises which Defendant, its agents, servants, and employees knew of, or in the exercise of ordinary care, should have known existed. Specifically, Plaintiff **JUAN CASTRO** slipped and fell on water near a display, causing injuries of which he now complains.

Plaintiff further alleges that Defendan(s), their agents, servants, and employees

negligently caused and negligently permitted such conditions to exist and negligently failed to warn Plaintiff JUAN CASTRO of the existence of the dangerous condition of the floor directly in front of the display, causing injuries of which he now complains.

On the occasion in question, Defendant and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

1.    In failing to maintain the floor in a reasonably safe condition.

2.    In failing to warn Plaintiff JUAN CASTRO of the dangerous condition on the floor.

3.    In permitting the water to remain on the floor.

4.    In failing to inspect the premises in order to discover the dangerous condition which was created by the water on the floor.

5.    In failing to correct the dangerous condition which was created by the water on the floor.

6.    In failing to warn invitees, including Plaintiff JUAN CASTRO, that a dangerous condition existed which required extra care to be taken when walking in that area.

7.    In failing to maintain the premises in a reasonably safe condition.

8.    In failing to warn Plaintiff JUAN CASTRO of the dangerous condition on the premises.

9.    In failing to put up warning signs of the dangerous condition on the premises.

Each of the foregoing negligent acts and omissions whether taken singularly or in and combination, was a proximate cause of Plaintiff JUAN CASTRO's injuries and damages which are described below.

## V.

As a direct and proximate result of the Defendant's negligence, Plaintiff JUAN

CASTRO has suffered serious disabling injuries which have caused permanent bodily injury and impairment, including a severe injury to the left shoulder. Plaintiff **JUAN CASTRO** also has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for a balance of her natural life, all to the Plaintiff's damage in excess of the minimum jurisdictional limits of this court. As a result of the injuries sustained, Plaintiff will incur reasonable and customary doctor's and medical expenses by the time of trial in the amount in excess of the minimum jurisdictional limits of this court, for necessary treatment and a reasonable probability that Plaintiff **JUAN CASTRO** will incur additional expenses for necessary medical care and attention in the amount in excess of the minimum jurisdictional limits of the court.

VI.

As a result of the injuries sustained by Plaintiff, **JUAN CASTRO**, his ability to administer to the needs of himself and his family and to attend to his customary household duties and occupations has been seriously impaired and in all reasonable probability, it will continue to be so impaired far into the future, if not for the balance of his natural life, all to his damage and loss in the sum in excess of the minimum jurisdictional limits of the court.

VII.

The negligence of the Defendant, its agents, servants, and employees, as a aforesaid was of such a character as to make them guilty of gross negligence. Their actions involved such entire want of care as could only have resulted from actual conscious indifference to the rights, safety, or welfare of Plaintiff, and Plaintiff hereby sues for exemplary damages in an amount in excess of the minimum jurisdictional limits of the

court.

WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein. Plaintiff therefore seeks to recover from Defendant the following elements of damages suffered and sustained as a result of such injuries:

1.  The physical pain which Plaintiff has suffered in the past;

2.  The physical pain which Plaintiff will in reasonable probability, suffer in the future as a result of his injuries;

3.  The mental anguish which Plaintiff has suffered in the past;

4.  The mental anguish which Plaintiff will in reasonable probability suffer in the future as a result of his injuries;

5.  The physical impairment and loss of physical capacity to perform the usual physical activities of life which Plaintiff has suffered in the past;

6.  The physical impairment and loss of physical capacity to perform the usual physical activities of life which Plaintiff, will, in all reasonable probability, suffer in the future;

7.  The reasonable cost for necessary medical and health care treatment which Plaintiff has received in the past for the treatment of his injuries; and

8.  The reasonable cost for necessary medical and health care treatment which Plaintiff will, in reasonable medical probability, need in the future for the treatment of his injuries; and

9.  Judgment against Defendant for gross negligence in the amount in excess of the minimum jurisdictional limits of the court.

Additionally, Plaintiff seeks the following:

10.    Pre-judgment interest and interest after judgment until paid;

11.    Costs of suit;

12.    Post-judgment interest.

13.    Such other and further relief to which Plaintiff may be justly entitled at law or

in equity.

SIGNED this __11th__ day of August, 2003.

                                Respectfully submitted.

                                Law Office of Anthony Troiani

                                By: _____
                                      Anthony P. Troiani
                                      State Bar No. 00795914
                                      700 Paredes Avenue, Suite 107
                                      Brownsville, Texas 78521
                                      Tel. (956) 541-4235
                                      Fax. (956) 541-8174
                                      Attorney for Plaintiff

tation for Personal Service  - GENERAL                 Lit. Seq. # 5.003.01

No. 2003-08-004110-A

**COPY**

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
1 or your attorney do not file a written answer with the clerk who issued this
:ation by 10:00 a.m. on the Monday next following the expiration of twenty
/s after you were served this citation and petition, a default judgment may be
:en against you.

JORGE MONTIEL
PLACE OF EMPLOYMENT            *Wal-mart (Alton Gloor)*
3500 W. F.M. 3248
BROWNSVILLE, TEXAS 78526

_____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

.INTIFF'S ORIGINAL PETITION

or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
's after the date of service of this citation before the Honorable District
rt 107th Judicial District of Cameron County, Texas at the Courthouse of said
nty in Brownsville, Texas. Said _____ PETITION _____ was filed on
UGUST 13, 2003 . A copy of same accompanies this citation.

file number of said suit being No. 2003-08-004110-A.

style of the case is:

_____
                JUAN CASTRO
                    VS.
         WAL-MART STORES, INC.
_____

d petition was filed in said court by _____ HON. ANTHONY P. TROIANI
torney for _____ PLAINTIFF _____), whose address is
_PAREDES AVENUE, SUITE 107  BROWNSVILLE, TEXAS    78521_ .

The nature of the demand is fully shown by a true and correct copy of the
ition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
uirements of law, and the mandates thereof, and make due return as the law
:cts.

Issued and given under my hand and seal of said Court at Brownsville,
as, this the 14th day of  AUGUST , A.D. 2003.

**EXHIBIT "B"**

3500 W. F.M. 3470
BROWNSVILLE, TEXAS 785..

e     DEFENDANT    , GREETING:

You are commanded to appear by filing a written answer to the

AINTIFF'S ORIGINAL PETITION

: or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
.ys after the date of service of this citation before the Honorable District
urt 107th Judicial District of Cameron County, Texas at the Courthouse of said
unty in Brownsville, Texas. Said _____ PETITION _____ was filed on
AUGUST 13, 2003 . A copy of same accompanies this citation.

e file number of said suit being No. 2003-08-004110-A.

e style of the case is:

JUAN CASTRO
VS.
WAL-MART STORES, INC.

.id petition was filed in said court by _____ HON. ANTHONY P. TROIANI
.ttorney for _____ PLAINTIFF _____ ), whose address is
O PAREDES AVENUE, SUITE 107 BROWNSVILLE. TEXAS   78521

The nature of the demand is fully shown by a true and correct copy of the
.tition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
:quirements of law, and the mandates thereof, and make due return as the law
.rects.

Issued and given under my hand and seal of said Court at Brownsville,
.xas, this the 14th day of  AUGUST , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____ , Deputy

### R E T U R N   O F   O F F I C E R

a to hand the _14th_ day of _August_ , _2003_ , at _5:00_ o'clock _P_ .M., and

cuted (not executed) or the _18_ day of _August_ , _2003_ by delivering to

_Jorge Montiel_ _____ in person a true copy of this Citation,

a which I endorsed the date of delivery, together with the accompanying copy

the _Plaintiff Original Petition_ _____ .

ge of failure to execute this citation is: _____

_____

3 serving 1 copy

al....... $_____          Sheriff/constable _Cameron_ County, TEXAS

3 paid by:_____          By _____ Deputy

# ANTHONY TROIANI

## Attorney at Law – Licenciado en Derechos

700 Paredes Avenue, Suite 107
Brownsville, Texas 78521
telephone: <956-541-4235>
facsimile: <956-541-9174>

September 11, 2003

U.S. District Clerk
U.S. FEDERAL COURTHOUSE
600 E. Harrison Street
Brownsville, Texas 78520

**Re:**   *CIVIL ACTION NO.  03-CV-158;*
*JUAN CASTRO v. WAL-MART STORES, INC. and JORGE MONTIEL*

Dear Sir/Madam:

Enclosed herewith for filing in the above-entitled and numbered cause please find an original and two (2) copies of the Plaintiffs' Motion to Remand and Memorandum in Support Thereof.  Kindly stamp "Filed" one copy and return same to this office.

Thank you in advance for your prompt assistance and cooperation in this matter.

Sincerely,

Anthony P. Troiani

APT:alt
Enclosures

cc:   **VIA CM, RRR # 7003 0500 0001 0993 3316**
Mr. Jaime Drabek
DRABEK & ASSOCIATES
1720 E. Harrison, Suite B
Harlingen, Texas  78550