United States District Court
Southern District of Texas
FILED

NOV 0 3 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CASTRO | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-158 |
| | § | |
| WAL-MART STORES, INC. AND | § | |
| JORGE MONTIEL | § | |
|     Defendants | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND
AND MEMORANDUM IN SUPPORT THEREOF AND
12(b) MOTION FOR DISMISSAL OF DEFENDANT JORGE MONTIEL**

I.

**ARGUMENT AND MEMORANDUM OF LAW IN
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

In his Motion to Remand, Plaintiff contends that the federal court lacks subject matter jurisdiction in this case. As stated by the Fifth Circuit Court of Appeals: "To decide whether a defendant has been fraudulently joined, the district court can employ a summary judgment-like procedure that allows it to pierce the pleadings and examine affidavits and deposition testimony for evidence of fraud or the possibility that the Plaintiff can state a claim under state law against a non-diverse defendant." *Great Plains Trust Co. v. Morgan Stanley Dean Wittier & Co.*, 313 F.3d 305, 310 (5th Cir. 2002). Thus, Defendants contend that there is, indeed a basis for diversity jurisdiction, based on the follows facts and law.

A.     There is diversity of citizenship, as Plaintiff can establish no valid cause of action against Jorge Montiel.

1)     In *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996), the Texas Supreme Court held that when an employer is a corporation, the law charges the corporation itself, not the

individual corporate officer, with the duty to provide the employee a safe workplace. *Id.* at **116.** As the court states: "Thus, unless alter ego is established, corporate officers and agents are subject to personal liability for their actions within the employment context only when they breach an independent duty of care. *Id.* In its conclusion, the court holds: "Because the duty to furnish a safe work place is the duty of Pro Com, Hornsby's employer, and not that of Pro Com's employees in their individual capacities, we hold that the court of appeals erred in holding, Leitch and Crews individually liable for Pro comp's alleged negligence." *Id. at* **120.**

2)      Subsequently, in ***Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 564 (S.D. Tex. 1999),** this identical issue arose in the Federal District Court for the Southern District of Texas. *Palmer* involved a slip and fall in a Sam's Club. Wal-Mart had removed the case to Federal District court, based on diversity jurisdiction. The issue before the court was Plaintiff's Motion to Remand. The court observed that in order to prove that a non-diverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show either that there has been outright fraud in the plaintiff's pleadings of jurisdiction facts or that there is no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. (cites omitted). *Id.* The Court accepted the *Leitch* opinion as adequate authority to support Wal-Mart's contention. As the court held at 567:

> Oblivious to the unambiguous language of this recent Texas Supreme Court case [*Leitch*], Plaintiff asserts claims against Mr. Ainsworth, a managerial employee of the corporate owner of the premises. There are no allegations that Mr. Ainsworth owed Plaintiff any *independent* duty of reasonable care, apart from that which his employer owed any store patron. There are no allegations that Mr. Ainsworth committed any intentional torts or the like against Plaintiff. On the contrary, Plaintiff merely claims that Mr. Ainsworth was "negligent in allowing the defect to exist on the premises in Defendant's

store." Hence Plaintiff simply alleges that Mr. Ainsworth is liable for some action plainly committed within the course and scope of his employment as a Sam's Club manager. In light of the controlling *Leitch* precedent, the joinder of Mr. Ainsworth for purposes of defeating diversity jurisdiction borders on being sanctionable.

3) Defendant concedes the fact, that under certain circumstances, a manager might be individually liable to an injured plaintiff for acts such as knowing or intentional wrongdoing on the part of the manager, ***Fairmont Travel, Inc..v. Georges May Intl. Co.*, 75 F. Supp. 2d 666 (1999)**, but none of those circumstances are present in this case, nor have they been pled by the Plaintiff. A manager cannot be held vicariously liable for the negligent acts of other employees. ***Wal-Mart Stores, Inc. d/b/a Sam's Wholesale Club v. Deggs*, 971 W.S.3d 72, 77 (Tex. App. - Beaumont 1996)** *rev'd on other grounds* **968 S.W.2d 354 (Tex. 1998)**. Plaintiff has pled no facts which could be construed as applying to Defendant Jorge Montiel, other than alleged facts directly relating to the obligations and duties of Wal-Mart Stores, Inc.

B.  **The amount in controversy satisfies the jurisdictional prerequisites of the diversity statute.**

4) Defendants are unable to discern from Plaintiff's Motion to Remand arguments whether Plaintiff is attempting to stipulate that the amount in controversy is less than $75,000, or merely alleging that Defendant has provided no "proof" that the amount in controversy exceeds $75,000. Regardless, "[I]n remand cases, the existence of federal subject matter jurisdiction is determined at the time of removal. ***Nolan v. Boeing*, 919 F.1d 1058, 1063 (5th Cir. 1990).** *Accord,* ***Cavallini v. State Farm Mutual Automobile Insurance Co.*, 44 F.3d 256, 264 (5th Cir. 1990).**

5) On August 26, 2003, Defendant's lawyer transmitted a letter to Plaintiff's lawyer requesting such a stipulation by September 3, 2003 or stating the case would be removed.

No reply was forthcoming. *See Affidavit of Jaime A. Drabek, and a true and correct copy of the August 26th letter to Plaintiff's Attorney, attached hereto and incorporated herein.*

6) In **Smith v. Fujicolor Processing, Inc., 2002 W.L. 1798918 (N.D. Tex., Aug. 2, 2002)**, the court held, at slip. op. 2: "Smith did not reply to Fujicolors suggestion that she stipulate that she will not seek in excess of $75,000 in damages. The court therefore holds that the case should not be remanded even after Smith amends her complaint." As the court clearly stated in **Heitman v. State Farm Mutual Automobile Ins. Co., 2002 W.L. 546756, slip op. at 2 (N.D. Tex. Apr. 9, 2002):**

> Even were it not apparent from the face of Heitman's state court petition, State Farm has introduced evidence that its counsel advised her counsel that State Farm was contemplating removal, but would forgo doing so if Heitman's attorney would stipulate that she is "not seeking in excess of $74,999.00 as damages, attorneys fees, etc.' Her counsel would not enter into the stipulation. The refusal to stipulate that the amount in controversy does not exceed $75,000 indicates that the actual amount in controversy does exceed that sum.

**Accord, Agular v. Boeing, 47 F.3d 1404, 1412 (5th Cir. 1995)** ("[L]itigants who want to prevent removal must file a binding stipulation or affidavit stating that the amount in controversy does not exceed $75,000 with their complaints."); **Ray v. State Farm Lloyds, 1999 W.L. 151667 (N.D. Tex. Mar. 10., 1999)** ("Moreover the Rays though their attorney refused to stipulate that the damages in this case were less than $75,000.")

7) Additionally, the courts have held that so long as the facts and/or contentions in Plaintiff's pleadings are facially apparent, a stated specific amount of damages in Plaintiff's pleadings are not necessary. **See Blair v. Williford, 891 F. Supp. 349 (E.D. Tex 1995), quoting Schild v. Tumco, Inc., 842 F. Supp. 225 (M.D. La 1994)** (where the court held that "Plaintiffs do not have to allege a specific amount in order to alert Defendants that the case has become removable.") The test is whether it is **more likely than not** that the

amount of the claim will exceed [$75,000]." *St Paul Reinsurance Co., Ltd.*, **134 F.2d 1250, 1253, fn 13 (5th Cir. 1998).**

8)   Further, in *Carleton v. CRC Industries, Inc.*, **49 F. Supp. 2d 961 (S.D. Tex.1999)**, the court confirmed that the facts and/or contentions asserted in Plaintiff's pleadings can establish that the damages sought are in excess of $75,000. The type and extent of damages requested can indicate that damages could exceed $75,000. *Lewis v. State Farm Lloyds*, **205 F.Supp.2d 706 (S.D. Tex. 2002).** "In considering whether the jurisdictional amount is present, the court looks to the amount in controversy rather than to the actual damages sustained." *Garza v. Rodriguez*, **559 F. 2d 259, 260 (5th Cir. 1977).** The court must also consider the amount of punitive damages and attorney's fees in determining whether the requisite amount in controversy exists. *St. Paul Reinsurance Co. v. Greenberg*, **134 F.3d 1250, 1253 (5th Cir. 1998).**

9)   In the present case, as a starting point, Plaintiff has pled "level 2" under the discovery control plan set out in Rule 190.3 of the Texas Rules of Civil Procedure. This rule specifies that any case pled under level 2 has <u>at minimum</u> fifty-thousand dollars ($50,000) in controversy, not including costs, attorneys fees and/or pre or post-judgment interest. **See comment 2, Rule 190.3, Texas Rules of Civil Procedure.** Thus, by virtue of the level 2 discovery control plan pled by Plaintiff, Defendant knows that Plaintiff is seeking economic damages in an amount in excess of $50,000. Additionally, Plaintiff has pled "serious disabling injuries which have caused permanent bodily injury and impairment including a severe injury to the left shoulder." *See Plaintiff's petition, § V.* Plaintiff further enumerates his injuries to include past and future physical pain, past and future mental anguish, physical impairment and loss of physical capacity to perform physical activities both in the

past and future, medical expenses both in the past and future, **and finally he alleges gross negligence and requests punitive damages.** See Plaintiff's Original Petition § VII.

10)   The broad extent of Plaintiff's claims, including the request for punitive damages, in addition to Plaintiff's refusal to stipulate that his damages are less than $75,000, as requested by Defendants' attorney, are more than sufficient evidence to conclude that "more likely than not" the amount in controversy exceeds the minimum jurisdiction of this court.

## II

## CONCLUSION

Defendants' have clearly met their burden in establishing that there is, indeed, diversity jurisdiction, and that the amount in controversy more than likely exceeds the jurisdictional requisite amount of $75,000. Wherefore, for all of the above stated reasons, Defendant respectfully requests that Plaintiff's Motion to Remand be denied.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78520
(956) 428-4544
(956) 428-4880 FAX

JAIME A. DRABEK
SBOT: 06102410
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, hereby certify that on this the _29_th day of **October, 2003,** a true and correct copy of the foregoing instrument was sent to counsel of record by mail, facsimile transmission, or hand delivery.

Mr. Anthony P. Troiani
Law Office of Anthony Troiani
700 Paredes Avenue, Suite 107
Brownsville, Texas 78520

_____
Jaime A. Drabek

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CASTRO<br>　　　　Plaintiff | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. B-03-158 |
| | § | |
| WAL-MART STORES, INC. AND<br>JORGE MONTIEL<br>　　　　Defendants | §<br>§<br>§<br>§ | |

### AFFIDAVIT OF JAIME A. DRABEK

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF CAMERON | § |

Before me, the undersigned Notary Public, on this day personally appeared Jaime A. Drabek, who, after being duly sworn, stated under oath as follows:

1. "My name is Jaime A. Drabek and I am counsel in the firm of Drabek and Associates, attorneys for Defendants Wal-Mart Store, Inc. and Jorge Monteil, in the above-captioned cause. I am over the age of eighteen years and understand the significance of taking an oath.

2. "On August 1526, 2003, I transmitted a letter to Plaintiff's attorney requesting that Plaintiff stipulate that the case had a value of less than $75,000. I requested a reply before September 3, 2003, or indicated my intent to remove the case. A true and correct copy of my letter to counsel is attached hereto and incorporated herein. I never received a reply from the Plaintiff's attorney.

　　　　　　　　　　　　　　　　　　　　Jaime A. Drabek

　　SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 29th day of October, 2003, to certify which witness my hand and seal of office.



EVA R LONGORIA
Notary Public, State of Texas
My Commission Expires:
May 5, 2007

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

9