UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN CASTRO | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 03-CV-158 |
| | § | |
| WAL-MART STORES, INC. AND | § | |
| JORGE MONTIEL | § | |
|     Defendants | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE JUDGE OF SAID COURT:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    October 31, 2003        -        Brownsville, Texas

    Jaime A. Drabek for Defendants, Wal-Mart Stores, Inc. and Jorge Montiel

    Mr. Anthony P. Troiani for Plaintiff, Juan Castro

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3. **Briefly describe what this case is about.**

    This is a slip and fall case. Plaintiff is claiming that on August 11, 2001, he suffered serious and possibly permanent bodily injuries as a result of a fall proximately caused by a dangerous condition on Defendant's premises. Specifically, Plaintiff alleges to have slipped and fell on water near a display, causing injuries of which he now complains.

4. **Specify the allegation of federal jurisdiction.**

    Defendants claim Diversity Jurisdiction. Plaintiff disputes this contention.

5.  **Name the parties who disagree and the reasons.**

    Plaintiff -        Juan Castro

    Defendants -       Wal-Mart Stores, Inc. and Jorge Montiel

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None at this time.

7.  **List anticipated interventions.**

    None at this time.

8.  **Describe class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26a. If not, describe the arrangements that have been made to complete the disclosures.**

    No. No later than December 12, 2003.

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        December 12, 2003.

    B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

        Wal-Mart          On or before January 16, 2004.

    C.  **When and to whom the defendant anticipates it may send interrogatories.**

        Plaintiff,        On or before January 16, 2004.

D.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Assistant Manager, Oscar Lizarraga    Within the next 4 months
    Store Manager, Jorge Montiel    Within the next 4 months
    Personnel Manager, Molly Lopez    Within the next 4 months
    Associate, Leticia Mancias    Within the next 4 months

E.  **Of whom and by when the defendant anticipates taking oral depositions.**

    Plaintiff    Within the next 60 days
    Witness(es)    Within the next 60 days

F.  **When the Plaintiff (or the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(s)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    Plaintiff/ Designate Experts & Reports    On or before July 16, 2004

    Defendant/ Designate Experts & Reports    On or before August 13, 2004

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(b) (expert report).**

    Defendant's experts    On or before September 15, 2004

H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff's experts    On or before September 15, 2004

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Defendant sent its First Set of Interrogatories and Requests for Production to Plaintiff on September 23, 2003.

13. **Specify the date the planned discovery can reasonably be completed.**

    On or before November 19, 2004.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    None at this time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Exchange information as to cause and medical.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation. On or before November 19, 2004.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Both parties want a jury trial. The Defendant has no objection to a magistrate presiding over the trial.

18. **State whether a jury demand has been made and if it was made on time.**

    Yes.

19. **Specify the number of hours it will take to present the evidence in this case.**

    No more than 24 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiff's Motion to Remand and Defendant's Response.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    A Certificate of Financial Interest was filed on November 3, 2003.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    <u>Defendant Wal-Mart Stores, Inc.:</u>

    Jaime A. Drabek
    Drabek & Associates
    1720 E. Harrison, Suite B
    Harlingen, Texas   78550
    (956) 428-4544
    (956) 428-4880 (fax)

    State Bar of Texas No.: 06102410
    Federal ID No. 8643


    <u>Plaintiff, Juan Castro:</u>

    Anthony P. Troiani
    700 Paredes Avenue, Suite 107
    Brownsville, Texas   78521
    (956) 541-4235
    (956) 541-9174 (fax)
    State Bar of Texas No.  00795914
    Federal I.D. No.  20607

_____     __11/3/03_____
Anthony P. Troiani                     Date
Counsel for Plaintiff

_____     __11-03-03_____
Jaime A. Drabek                        Date
Counsel for Defendant

_____    _____
Anthony P. Troiani                Date
Counsel for Plaintiff

*/s/ Jaime A. Drabek*
_____    _____11-03-03_____
Jaime A. Drabek                   Date
Counsel for Defendant