United States District Court
Southern District of Texas
ENTERED

NOV 0 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN CASTRO, §
§
§
Plaintiff, §
§
v. § B-03-158
§
WAL-MART STORES AND JORGE §
MONTIEL, §
Defendants. §

## ORDER

BE IT REMEMBERED that on November 6, 2003, the Court **STRUCK** Defendant Wal-Mart's untimely Response to Plaintiff's Motion to Remand [Dkt. No. 7]. Plaintiff's Motion to Remand was filed on September 11, 2003. Defendants, therefore, had the opportunity to respond until October 1, 2003. On November 3, 2003, over one month beyond the deadline to respond, Defendants filed their response with no explanation for the late filing and no request for leave to file such a late response. This response was docketed on November 5, the same day this Court issued a remand order in this case. Because Defendants' response is untimely, the Court will not accept this filing.

The Court mentions one further issue. As the Court anticipated in its November 5, 2003, remand order, Defendants are indeed arguing that Defendant Jorge Montiel is fraudulently joined in this case, and thus his citizenship should be disregarded for the purpose of determining whether diversity jurisdiction exists. Frankly and simply put, Defendants should have presented such arguments in their Notice of Removal and in a *timely* response to Plaintiff's Motion to Remand. Should Defendants feel compelled to submit a Motion for Reconsideration of this Court's November 5, 2003, order - and the Court is not encouraging such a motion - Defendants will include authority that argues the threshold matter of whether this Court retains jurisdiction to review its motion. Normally, the district court is "completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court." In re Shell Oil Co., 932 F.2d 1523, 1528 (5th Cir. 1991), quoting Browning v. Navarro, 743 F.2d

1069, 1078 (5th Cir. 1984).  Section 1447(d) of Title 28 of the United States Code makes certain grounds for remand specified in section 1447(c) immune from review. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 497 (1995). "[W]here an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" Id. at 1528, quoting In re Shell Oil Co., 631 F.2d 1156, 1158 (5th Cir. 1980).  The Fifth Circuit has stated, when "the remand order was based on a defect in removal procedure, and not a lack of subject matter jurisdiction, an exception to non-reviewability exist[s]." In re Shell Oil Co., 932 F.2d at 1528.  In the present case, the Court's order of remand was premised upon a lack of subject matter jurisdiction because Defendant Wal-Mart failed to prove complete diversity existed between the named parties.

DONE this 6th day of November, 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge